UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G. BONET
    Plaintiff,

vs.

NOW COURIER INC
ALEXANDER MOLA,

    Defendants
_____/

## DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.

Now Courier Inc., A Florida Corporation and Alexander Mola, an individual ("Defendants"), by and through their undersigned Counsel and pursuant to Fed.R.Civ. P. (12(b)1 and 12 (b)(6) and files this motion to dismiss for Lack of Subject Matter Jurisdiction and for failure to state a claim upon which relief can be granted.

## BACKGROUND

The Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*) (FLSA) for alleged overtime violations pursuant to 29 U.S.C. 207 of the FLSA and for unpaid minimum wage, pursuant to 29 U.S.C 206 of the FLSA. Plaintiff seeks back wages, liquidated damages, court costs and litigation expenses against all defendants.

Now Couriers Inc., corporate defendant is a small courier company that assists local businesses such as Law Firms to move packages and documents in and around the local area. It has not grossed more than $500,000 per year and thus is not subject to the FLSA. Additionally defendants does not have two nor more employees engaged in interstate

commerce during the relevant period of this claim. The plaintiff was not an employee of the defendants but was rather an independent contractor, using his own vehicle and under his own supervision to deliver packages for which he was paid on a piece meal basis, a percentage of the amount the customer paid.  More importantly, the Plaintiff was not engaged in interstate commerce nor is the production of goods for commerce thus not entitled to individual coverage.

## **MEMORANDUM OF LAW**

I. THE LEGAL STANDARDS FOR GRANTING A MOTION OF DISMISSAL UNDER 12(b)(1) and 12(b)(6)

A. Standard for Establishing Subject Matter Jurisdiction

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc*. v. *UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists"). Eg. The Supreme Court of the United States has specifically held that cooks are not entitled to individual coverage under the Act, even when they were preparing meals for workers repairing interstate rail tracks. *McLeod v. Threlkeld*, 319 U.S. 491 (1942).

B. Legal Standard for Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to

view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F. Supp. 572, 573 (M.D. Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974). However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow,* 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing Gonzalez v. McNary, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. Id. (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.* 32 F. Supp. 2d 1337, 1343 (S.D.Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla.1994); *Olpin v. Ideal Nat'l Ins. Co*, 419 F.2d 1250, 1255 (10th Cir. 1969).

## II. STATEMENT OF FACTS

Plaintiff has failed to plead a single fact in his complaint about the nature and type of work, the basis of this employment relationship with now Couriers or the grounds upon which the claim rests as required by the Federal Rules Governing pleadings.  The closest this to any direct fact that was plead is that the plaintiff worked an average 65 hours per week.

The Plaintiff was not employed to defendant now courier.  Plaintiff, an independent contractor answered a local advertisement on the Website for a "driver w/cargo van and box truck". (Exhibit. 1).  The parties entered into an independent contractor and non-compete agreement on April 06, 2012.  (Exhibit. 2)

Plaintiff, who had no set schedule, would pick up a package from a customer when one was available and deliver to another location always within Broward or Miami Dade Counties.  Plaintiff did not accept credit cards, issue invoices or make purchases on behalf of the defendants.  Based the parties agreement, the plaintiff was paid 65-70% of the delivery fee paid by the customer, (See Exhibit. 3 showing 2013-2014 payments to plaintiff). Plaintiff owned his own vehicle, provided for his own insurance, had profit making potential, was not supervised by the defendants, never worked from the offices of Now Couriers nor provided with tools and materials for work.  Now couriers pursuant to the agreement also did not withhold taxes from amount paid to plaintiff.  Plaintiff did not perform any function that would support the conclusion that he was engaged in interstate commerce.  Additionally, during the period May 2012 to October 2014 the corporate annual gross sales were less than $500,000.00.

**III. THE PLAINTIFF CANNOT ESTABLISH JURISDICTION UNDER THE FLSA, BECAUSE THE PLAINTIFF IS NOT INDIVIDUALLY COVERED, THERE IS NO ENTERPRISE COVERAGE.**

A. Section 207(a) of the FLSA provides, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).

FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage.  *Ares v. Manuel Diaz Farms, Inc*., 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that

they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi,* 328 U.S. 108, 121 (1946). Under the first type of FLSA coverage—"individual coverage"—an employee is entitled to time-and-a-half overtime pay as long as he or she is "engaged in commerce or in the production of goods for commerce." See 29 U.S.C. § 207. To determine whether an employee performed such work, the Court must focus its inquiry on the activities of the employee and not on the business of the employer. See *Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); see also *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267-68 (11th Cir. 2006).

In *Thorne*, the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce", and thus an employee must be "engaged in commerce", which means he must be "directly participating in the actual movement of persons or things in interstate commerce". *Thorne*, 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." Kitchings, 393 F. Supp.2d at 1293 n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp.2d 280, 287 (S.D. N.Y. 2000) and (citing Walling v. Jacksonville Paper Co., 317 U.S. 564, 572 (1943)).

Under the second type of FLSA coverage—"enterprise coverage"—an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that: (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced

for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce and must have annual gross volume of sales or business done in excess of $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii).  The FLSA overtime provisions apply only to "employers." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employer" has been broadly construed by the courts to effectuate the remedial purpose of the statute. See, e.g. Dole v. Simpson, 784 F. Supp. 538, 545-47 (S.D. Ind. 1991); *Goetz v. Synthesys Tech, Inc*., 286 F. Supp. 2d 796, 800 (W.D. Tex. 2003). In analyzing the issue, courts look to the economic realities of the employment relationship, rather than relying on corporate titles or traditional common law agency principles. See *Dole,* 784 F. Supp. at 545 (citing *Goldberg v. Whitaker House Coop,* 366 U.S. 28, 33 (1961)).

Any person may be considered an employer so long as he or she possesses sufficient control over the day-to-day operations of the enterprise. Id. To resolve this Motion the Court must decide three issues. The first is whether, reviewing the record in the light most favorable to Plaintiff, the Plaintiff participated in the actual movement of persons or goods in interstate commerce, and whether that participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA.

The second is whether, reviewing the record in the light most favorable to Plaintiff, the corporate Defendant's annual gross volume of sales exceeded the minimum requirement under the FLSA ($500,000), and whether the Defendant had two or more employees engaged in interstate commerce.  Finally, the Court must determine whether, reviewing the record in the light most favorable to Plaintiff, the individual Defendants are an "employer" as defined by the FLSA.

**B. Individual Coverage**

Plaintiff alleges that the overtime provisions of the FLSA apply in this case because his work for Defendants involved the use of goods that traveled in interstate commerce. As to Plaintiff's use of goods that traveled in interstate commerce, it is well-settled that this is not enough to invoke individual coverage under the FLSA. See *Thorne*, 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)); *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, 2005 WL 2862079, *1 (M.D. Fla. 2005) (holding that there was no individual coverage because "[t]he Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an employee 'engaged in commerce' and is thus subject to 'individual coverage' under FLSA"); see also *Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 526-27 (D. Md. 2006) (citing Thorne and rejecting the argument that handling produce from out-of-state demonstrates that a restaurant employee is engaged in interstate commerce). The reason for these decisions is found in long ago decided Supreme Court decisions that clearly hold that the inquiry concerning individual coverage focuses "on the activities of the employee and not on the business of the employer." *Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959).  The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods for interstate commerce. *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942).

The facts of the case does not support the notion that the plaintiff was either an employee nor was he involved in interstate commerce.  The plaintiff would take items like documents and packages and move them around the local community for customers.  The movement did not affect trade between the states  and as the *Junkin* id, Court pointed out the mere act of moving an item that previously was in the flow of commerce does not mean an individual is engaged in commerce.

**C. Enterprise Coverage**

Under the FLSA, unless the enterprise has $500,000.00 or more in gross annual revenue, the enterprise is not subject to the Act. 29 U.S.C. § 203(s)(1)(A)(ii) (stating that only "an enterprise whose annual gross volume of sales made or business done is not less than $500,000" is subject to the Act's provisions).  A review of income tax returns from the period of the plaintiff's engagement is the accepted measure of revenues for purposes of considering enterprise coverage. *Russell v. Continental Restaurant, Inc.,* 430 F. Supp.2d 521, 524 (D. Md. 2006) (granting motion to dismiss for lack of subject matter jurisdiction where affidavit and tax returns submitted by employer reflect gross sales volume less than $500,000, and refusing to permit discovery on the issue); *Xelo v. Mavros*, 2005 WL 2385724, *2 (E.D. N.Y. 2005) (finding no enterprise coverage based on gross receipts reported in tax returns from the years where the plaintiff claimed unpaid overtime compensation); *Lamont v. Frank Soup Bowl, Inc*., 2001 WL 521815 (S.D. N.Y. 2001) (holding same); *Lenca v. Laran Entrs., Inc.*, 388 F. Supp. 782, 784 (N.D. Ill. 1974) (granting motion to dismiss for lack of subject matter jurisdiction on affidavit from employer that its gross sales or business during the plaintiff's employment was less than $100,000).

A review of the defendants in this case tax returns and financial statements (Composite Ex. 4-8), shows that the defendants did not gross $500,000.00 in revenue during the relevant period.  Additionally, the small local courier did not have employees but rather engaged in independent contractual relationships with all the delivery personnel.

**D. The Individual "Employer" Liability Under the FLSA.**

An individual corporate official can be considered an employer. Title 29 U.S.C. § 203(d) defines an "employer" as "any person acting directly or indirectly in the interest of the employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has routinely interpreted this phrase to mean that an employer must be involved in the day-to-day operations of the business, particularly with respect to the setting of wages in order to

be an employer under the Act. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)).  In this case, plaintiff had the ability to profit from the percentage he received from each delivery and as is reflected by the payment summary attached, did have varying sums of a significant nature paid to him.  Moreover, to the extent that the Court finds that the corporate Defendant is subject to suit, individual liability is only derivative to that of the corporate Defendant's. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986), and therefore the individuals are entitled to judgment of dismissal on the same basis.

Wherefore, the defendants pray this honorable Court, to dismiss the Plainitff's complaint in this matter.

Respectfully submitted,

s/Mark Douglas
_____
Mark Douglas, Esq.
Attorney for Plaintiff
Florida Bar No. 27701
2331 North State Road 7, Suite 106
Lauderdale Lakes, Florida 33313
Telephone: (954) 730-8393
Fax: (305) 356-7154
E-Mail: mark@markdouglaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by the Southern District of Florida's CM/ECF system to all counsels of record this 31th day of October 2014.

Respectfully Submitted,

/s/ Mark A. Douglas Esq.
_____