UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G BONET and all others similarly situated under 29 U.S.C. 216(b),

  Plaintiff,

vs.

NOW COURIER INC.
ALEXANDER MOLA,

  Defendants.

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110**

Plaintiff, EDGARDO G BONET on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, NOW COURIER INC., and ALEXANDER MOLA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant NOW COURIER INC. is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ALEXANDER MOLA is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a courier from on or about May 15, 2012 through on or about August 22, 2014. Defendants operated a courier business and Plaintiff's work included receiving products and delivering products to various destinations in South Florida, including the airports and seaports within South Florida.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and transported on a constant and/or continual basis and/or that were supplied to him by the

Defendants and other companies to transport on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials such as tobacco from the Dominican Republic and helicopter parts from Colombia and Venezuela that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Specifically, Plaintiff and his fellow employees would routinely receive and deliver products originating from outside the State of Florida and similarly would deliver products to be shipped to outside the State of Florida. For example, Plaintiff and his co-workers were tasked with delivering tobacco from the Dominican Republic to South Florida locations and delivering heavy duty tires to South Florida freight companies to ship out to Africa.

13. Additionally, Plaintiff and his fellow employees regularly utilized products in the course of their job duties that originated or were manufactured outside the State of Florida. For example, Plaintiff and his fellow employees used TomTom GPS units, which are manufactured in Taiwan, to navigate their jobs[1].

14. Individual coverage also applies to Plaintiff's work: Plaintiff work pick up helicopter parts from freights from Colombia and Venezuela and would deliver said parts to other freights that deliver to said countries as well. Plaintiff was "engaged in commerce" under the FLSA

---

[1] GPS units themselves operate on data and information that is delivered electronically via satellite or internet.

as he was directly participating in the actual movement of things in interstate commerce by working for an instrumentality of interstate commerce, e.g. transportation of goods in interstate commerce. Said products did not reach the ultimate consumer until after Plaintiff's delivery of the same.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, and 2013.

16. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014.

17. During the first half of the period between on or about May 15, 2012 through on or about August 22, 2014, Plaintiff worked an average of 65 hours a week for Defendants and was paid an average of $11.53 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. During the second half of the period between on or about May 15, 2012 through on or about August 22, 2014, Plaintiff worked an average of 65 hours a week for Defendants and was paid an average of $5.00 per hour after gas and insurance expenses but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing

Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

20. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21. Pursuant to 29 C.F.R. 531.3 (d)(1)(2), the Defendants/employers are prohibited from deducting from Plaintiff's salary, charging its employees or computing Plaintiffs' wages factoring the cost of gas which are primarily for the benefit or convenience of the Defendant employers.

22. During the second half of the period between on or about May 15, 2012 through on or about August 22, 2014, Plaintiff worked an average of 65 hours a week for the Defendants.

    Plaintiff was paid $5.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $5.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $5.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

23. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

24. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

**COUNT III. FLORIDA MINIMUM WAGE VIOLATION**

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25. This Court has jurisdiction for Plaintiff's Florida state minimum wage claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

26. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal **minimum wage** under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

27. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

28. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek his minimum wage claim against the Defendant. On September 2, 2014, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notice to the Defendants pursuant to Florida Statute § 448.110(6)(a). On September 3, 2014, the Notice was delivered to the Corporate Defendant, but on September 29, 2014 the Notice to the Individual Defendant was returned undelivered. Shortly after the appearance of Defense counsel, Plaintiff's counsel forwarded copies of both Notice letters to Defense counsel via e-mail on

November 25, 2014.

29. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on December 10, 2014. However, as of December 19, 2014, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

30. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 24, 2009, the Florida minimum wage defaulted to the Federal minimum wage rate of $7.25/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. Florida Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

31. During the second half of the period between on or about May 15, 2012 through on or about August 22, 2014, Plaintiff worked an average of 65 hours a week and was paid an average of $5.00 per hour. Plaintiff was not paid the proper Florida minimum wage for the relevant time periods (set forth above) as required by the Florida Constitution.

32. The Defendants' wage payment practices to Plaintiff during the second half of the period between on or about May 15, 2012 through on or about August 22, 2014 did not meet the

Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.[2]

33. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act and Florida Constitution as Defendants knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                    Respectfully Submitted,

                                                    J.H. Zidell, Esq.
                                                    J.H. Zidell, P.A.
                                                    Attorney For Plaintiff
                                                    300 71st Street, Suite 605

---

[2] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
           J.H. Zidell, Esq.
           Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 12/19/14 TO:**

**MARK A. DOUGLAS
MARK A. DOUGLAS, P.A.
2331 NORTH STATE ROAD7
SUITE 106
FT. LAUDERDALE, FL 33313
9547308393
FAX: 305-356-3615
EMAIL: MARK@MARKDOUGLASLAW.COM**

**BY:__/s/____J.H. Zidell_____
J.H. ZIDELL, ESQ.**