UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G. BONET
        Plaintiff,
vs.

NOW COURIER INC
ALEXANDER MOLA,
        Defendants
_____/

DEFENDANTS MOTION TO DISMISS PLAINTIFF'S AMMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED.R.CIV.P. 12 (B) (6)

1. Background Facts

Plaintiff Edgardo Bonet filed his first amended complaint against defendants Now Courier Inc. and Alex Mola, alleging violations of the Fair Labor Standards Act. ("FLSA"), 29 USC § 201 et. Seq., and a violation of the Florida State Minimum wage act, pursuant to Fla. Stat. § 448.110 (3). Plaintiff claims that he was employed as a driver for the defendant and that he worked an average of 65 hours per week over a period of over two years for which he was not paid overtime, pursuant to the requirements of the FLSA and that the amounts paid amounted to less than the minimum wage as set out under the FLSA and the Florida State Minimum wage act.

Defendant Now Courier is a small Courier company which operates primarily in the Tri-County area of Miami-Dade, Broward and Palm Beach Counties, who help local businesses to move items around the local community to meet their business needs. Defendant's position is that neither the Defendant or the Plaintiff were engaged in interstate commerce such that the FLSA is implicated. Moreover, as a threshold matter, the defendant has never, during the

relevant period, employed two or more employees or grossed $500,000.00 or more, a minimum requirement for an enterprise to be covered by the FLSA

With respect to the Plaintiff, Defendant posits that The Plaintiff was not employed to defendant now courier. Plaintiff, an independent contractor answered a local advertisement on the Website for a "driver w/cargo van or box truck". (Exhibit. 1). The parties entered into a written independent contractor and non-compete agreement on April 06, 2012. (Exhibit 2 ) Plaintiff, who had no set schedule, would pick up a package from a customer when one was available and deliver to another location always within Broward or Miami Dade Counties. Plaintiff did not accept credit cards, issue invoices or make purchases on behalf of the defendants. Based the parties agreement, the plaintiff was paid 65-70% of the delivery fee paid by the customer, (See Exhibit. 3) showing 2013-2014 payments to plaintiff). Plaintiff alleges that he was paid $5.00 per hour after gas and insurance expenses, however, employer never deducted any such expenses and during the relevant period, Plaintiff was paid over $63,672.07 as compensation for his services which equates to much more than $5.00 per hour even if the allegations as to hours worked were taken as true.

Plaintiff owned his own vehicle, provided for his own insurance, had profit making potential, and was not supervised by the defendants, never worked from the offices of Now Couriers nor provided with tools and materials for work. Now couriers pursuant to the agreement also did not withhold taxes from amount paid to plaintiff neither did it keep employment records beyond a schedule of payments made to the Plaintiff.  Plaintiff did not perform any function that would support the conclusion that he was engaged in interstate commerce. Additionally, during the period May 2012 to October 2014 the corporate annual gross sales were less than $500,000.00.

2. <u>Memorandum of Law</u>

a. Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. To survive such an attack, a plaintiff must plead sufficient facts to state a claim that include sufficient factual matter to nudge the claims across the line from conceivable to plausible. *Bell Stlantic v Twombly,* 550 U.S. 544, (2007). These facts must state a claim that is "plausible on its face" *Ashcrogt v iqbal,* 556 U.S. 662, (2009) quoting *Bell, id.*

In reviewing a motion to dismiss, Courts are required to view the complaint in the light most favorable to the plaintiff. *Colodby v Iverson, Yoakum, Papiano & Hatch,* 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v Rhodes,* 416 U.S. 232 (1974). However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City of Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary,* 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims and draw legal conclusions. *Twombly,* 550 U.S. 555. The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.* 32 F. Supp. 2d 1337, 1343 (S.D.Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla.1994); *Olpin v. Ideal Nat'l Ins. Co,* 419 F.2d 1250, 1255 (10th Cir. 1969).

b. Section 207(a) of the FLSA provides, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.,* 318 F.3d 1054, 1056 (11th Cir. 2003).

As a threshold matter, the Plaintiff was an independent contractor not covered under the FLSA and therefore, his claim must be dismissed, whether there is a finding that the Defendants were involved in Interstate Commerce of not. *Stan Freund v Hi-Tech Sattellite, Inc* 185 F.App's 782 (11th Cir. 2006). According to the *Freund* Court, the requirements of the FLSA only applies to employees.  The act at "29 U.S.C § 203 (e) (1), defines an "employee" as "any individual employed by an employer.  The act further defines "to employ" as "to suffer or permit to work".  The Court further cited the Supreme Court opinion in *Rutherford Food Corp v McComb,* 331 U.S. 722, 728, 67 S.Ct. 1473 (1947) which points out that courts must determine whether as a matter of "economic reality" an individual is an employee or an independent contractor in business for himself.

There are six factors which to be reviewed in determining if this test is met.
1. The nature and degree of alleged employer's control as to the manner in which the work was performed.
2. The alleged employees opportunity to profit or loss depending on his managerial skills
3. The alleged employees investment in equipment or materials required for his task, or his employment of workers
4. Whether the service rendered requires a special skill
5. The degree of Permanency and duration of the working relationship;

      6. The extent to which the service rendered is an integral part of the alleged employers business. *Secretary of Labor v Lauritzen,* 835 F.2d 1529, 1535 (7th Cir. 1987)

The Defendant contends that the Plaintiff was an independent contractor who entered willingly and knowingly into a written arrangement, using his own vehicle, setting his own schedule, wherein the Defendant had little or no control over work schedules, how and when the job was performed. In fact, Plaintiff has never reported for work at defendants premises, nor was he required to account for his time and presence throughout the day. Plaintiff had an opportunity to profit and did profit based on the fact that he was compensated a percentage of the rate a customer paid and therefore could earn more by accepting more deliveries or doing the job more efficiently.

While these may seem to be factual enquires not ripe for this stage of the proceedings, the Court in empowered to apply the economic reality test to determine if the claim merits further consideration. *See Freeman v Key Largo Fire & Rescue Dept. Inc.,* 494 F. App'x 940, 942-43 (11th Cir. 2012) in which the Plaintiff argued that the economic reality test should only apply at the summary judgment stage. The Court point out that their precedent foreclosed that argument as the Court can and did apply the economic reality test while reviewing a motion to dismiss in their earlier opinion *Brower v Metro Dade Cnty.,* 139 F.3d 817 911th Cir. 1998).

Based on these opinions, and the defendant's un-rebutted claim that the parties entered into an independent contractor and non-compete agreement, the court should at the very least, engage in this enquiry to flesh out the Defendant's claim.

  c. Even if the Court found that the Plaintiff was an employee, "the burden of proof lies on employees to establish that they were engaged in interstate commerce, or

in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 121 (1946). Under the first type of FLSA coverage—"individual coverage"—an employee is entitled to time-and-a-half overtime pay as long as he or she is "engaged in commerce or in the production of goods for commerce." See 29 U.S.C. § 207. To determine whether an employee performed such work, the Court must focus its inquiry on the activities of the employee and not on the business of the employer. See *Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); see also *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267-68 (11th Cir. 2006).

In *Thorne* Id., the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce", and thus an employee must be "engaged in commerce", which means he must be "directly participating in the actual movement of persons or things in interstate commerce". *Thorne,* 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." *Kitchings,* 393 F. Supp.2d at 1293 n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp.2d 280, 287 (S.D. N.Y. 2000) and (citing *Walling v. Jacksonville Paper Co*., 317 U.S. 564, 572 (1943).

In the instant case, the petitioner alleges, beginning at paragraph 12 of his first amended complaint, that he and fellow employees would receive and deliver products originating from outside of the State.  Additionally, that they delivered tobacco which was originally from the Dominican Republic **to South Florida Locations** [emphasis], that Plaintiff used a Tom-Tom GPS device originating in Taiwan and delivered Helicopter Parts to Freight companies.  None of these

allegations rise to the level of indicating that plaintiff was involves in Interstate commerce Pursuant to dictates of the *Thorne, id.* opinion. As the Court pointed out, the individual must be involved in actual movement of Persons or things in interstate commerce.

d. Under the second type of FLSA coverage—"enterprise coverage"—an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that: (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce **and** [emphasis] must have annual gross volume of sales or business done in excess of $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii). The FLSA overtime provisions apply only to "employers." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employer" has been broadly construed by the courts to effectuate the remedial purpose of the statute. See, e.g. *Dole v. Simpson*, 784 F. Supp. 538, 545-47 (S.D. Ind. 1991); *Goetz v. Synthesys Tech, Inc.*, 286 F. Supp. 2d 796, 800 (W.D. Tex. 2003). In analyzing the issue, courts look to the economic realities of the employment relationship, rather than relying on corporate titles or traditional common law agency principles. See *Dole*, 784 F. Supp. at 545 (citing *Goldberg v. Whitaker House Coop*, 366 U.S. 28, 33 (1961)).

To resolve the issue of whether the defendant is a covered employer, the Court must decide three issues. (1) Whether, reviewing the record in the light most favorable to Plaintiff, the Plaintiff participated in the actual movement of persons or goods in interstate commerce, and whether that participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA.  (2) Whether, reviewing the record in the light most favorable to Plaintiff, the corporate Defendant's annual gross volume of sales exceeded the minimum requirement under the FLSA ($500,000), and whether the Defendant had two or more employees engaged in interstate commerce. (3) The Court must determine whether, reviewing the record in the light most favorable to Plaintiff, the individual Defendants are an "employer" as defined by the FLSA.

The Defendant has not engaged in interstate commerce.  According to the Plaintiff's amended complaint at paragraph 10, Plaintiff makes conclusory statements that Defendant is subject to the FLSA because materials and goods handled and transported on a constant and/or continual basis and/or that were supplied to him by the defendants and or other companies to transport on the job moved through interstate commerce prior to and or subsequent to Plaintiff's use of the same.  These are the same recitals that are merely labels and conclusions that led the court to dismiss the first complaint filed in this matter.  As the cases cited herein have explained, merely dealing with goods that have previously passed through interstate commerce without being directly involved in interstate commerce is not sufficient to bring an employee or employer within the ambit of the act. *Thorne*, 448 F.3d at 1266.

A review of the defendants in this case tax returns and financial statements (Composite Ex. 4-8), shows that the defendants did not gross $500,000.00 in revenue during the relevant period.  These tax returns are reliable and were not done in anticipation of litigation but rather an accurate depiction of the financial operations of the Defendant's operations.   Additionally, the small local courier

    did not have employees but rather engaged in independent contractual relationships with all the delivery personnel. (See attached Sworn Declaration Ex. 9)

e. Pursuant to Fla. R. Civ. P. 15, (a) (2), amending a pleading outside of the period of 21 days after the filing of a pleading after a pleading pursuant to Rule 12 (b) has been filed requires the written consent of the opposing party or leave of the Court. The claims raised in Count III of the amended complaint were not within the original complaint dismissed by the Court with leave to re-file and no motion was filed seeking leave to amend. This Court should be struck.

    Alternatively, pursuant to Fla. Stat. §448.110(3) only those covered by the FLSA is entitled to a claim for minimum wage under the Florida provisions. For the same reasons cited in support of a dismissal of the claims raised in Count I, and II above, the claim brought under count III of the complaint should be denied.

f. If the Court cannot make a determination on this motion from the pleadings, the defendant request that pursuant to Fed. R. Civ. P. 12 (d), that this motion be accepted and treated as a motion for summary judgment pursuant to rule 56, and allow limited discovery to determine the threshold factual issues to be resolved on summary judgment.

Wherefore, defendant prays this honorable Court to grant his motion to dismiss and to grant any other relief the Court may deem appropriate,

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by the Southern District of Florida's CM/ECF system to all counsels of record this 8th day of January 2015.

                                                            Respectfully Submitted,

By:    /s/ Mark A. Douglas, Esq
          MARK A.DOUGLAS, P.A.
          2331 N. State Road 7
          Suite 106
          Ft. Lauderdale, FL 33313
          P (954) 730-8393
          Florida Bar No: 27701
          Attorney for Plaintiff.
          Mark@markdouglaslaw.com