UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23217-CIV-WILLIAMS

EDGARDO G. BONET,

    Plaintiff,

vs.

NOW COURIER, INC., and
ALEXANDER MOLA,

    Defendants.
_____/

## ORDER CONVERTING MOTION TO DISMISS
## INTO A MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (DE 25), to which Plaintiff filed a Response in Opposition (DE 27). Defendants did not file a Reply and the time to do so has passed.

On December 19, 2014, Plaintiff Edgardo G. Bonet filed an amended complaint against Defendants Now Courier Inc. and Alexander Mola alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Florida Minimum Wage Act, Fla. Stat. § 448.110(3) (DE 22). Defendants have moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim (DE 25). Defendants argue that they have not grossed more than $500,000 per year and that they do not have two or more employees engaged in interstate commerce. In addition, Defendants contend that Plaintiff was not an employee, but rather an independent contractor. Finally, Defendants argue that neither they nor Plaintiff was engaged in interstate commerce. Defendants request that the Court

dismiss the amended complaint for failure to state a claim, or, in the alternative, convert Defendants' motion to dismiss into a motion for summary judgment and allow limited discovery to determine the threshold factual issues to be resolved on summary judgment.

The Court has reviewed the amended complaint and believes that Plaintiff has adequately stated a claim under Rule 12(b)(6). However, in moving to dismiss, Defendants have put forth arguments and substantial evidence outside of the pleadings, including the following: (1) an advertisement placed by Defendants for a driver; (2) an independent contractor and non-compete agreement that appears to have been signed by Plaintiff; (3) pay statements to Plaintiff; (4) profit and loss statements; (5) tax returns showing that Defendants did not gross more than $500,000 per year; and (6) a supporting affidavit. In addition, Defendants have alleged facts regarding the nature of Plaintiff's work, suggesting that Plaintiff was an independent contractor and that Plaintiff's work did not involve interstate commerce. Therefore, the Court believes that Defendants' motion to dismiss should be converted into a motion for summary judgment under Rule 12(d).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Defendants' motion to dismiss (DE 22) is hereby **CONVERTED** into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

2. The Parties shall comply with the deadlines set forth in the Court's scheduling order.

3. No extensions shall be granted.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of February, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE