UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G. BONET,

    Plaintiff,

v.

NOW COURIER INC. and
ALEXANDER MOLA,

    Defendants.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

This matter was before the Court for a discovery hearing on September 2, 2015, pursuant to the Defendants' Notice of Hearing, ECF No. [44] and Plaintiff's Cross-Notice of Hearing, ECF No. [45]. The Honorable Kathleen M. Williams, the United States District Judge assigned to this case, has referred discovery matters to the undersigned Magistrate Judge, ECF No. [33].

    I.    **DISCOVERY DISPUTES**

### Production of Plaintiff's Bank Records

The Defendants' Notice of Hearing indicated that the Parties disagreed as to whether the Plaintiff was required to obtain and produce his bank records in response to the Defendants' discovery requests. At the hearing, Counsel for the Defendants explained that the Plaintiff had failed to produce Wells Fargo bank records for the years 2011 through 2014 as requested by the Defendants. The Defendants stated that the Plaintiff suggested that the Defendants subpoena the requested records rather than having the Plaintiff obtain the records and provide them to the Defendants.

In response, the Plaintiff stated that he was not able to obtain the records because that bank account is closed and the Plaintiff does not have the account number any

longer.  The Plaintiff further stated that he was unable to go to Wells Fargo Bank during the bank's open hours to request the records due to his work schedule.

The Court ordered that on or before September 16, 2015, the Plaintiff shall produce the Wells Fargo bank records at issue for the years 2012 through 2014.

### Interpreter for Plaintiff's Deposition

The Parties next disagreed as to whether the Defendant was required to provide a certified Spanish language interpreter to translate at the Plaintiff's deposition, or if the Defendant was permitted to use a worker from Defendant's Counsel's Office who speaks Spanish but who is not certified as a translator.  At the hearing, Plaintiff's Counsel who represented that she speaks Spanish, stated that at the Plaintiff's deposition the interpreter provided by Defendant's Counsel mistranslated the Plaintiff's testimony numerous times.  Plaintiff's Counsel therefore terminated the deposition after two hours. The Plaintiff requested that the Court direct Defendant's Counsel to provide a certified translator at a second deposition of the Plaintiff.

Based upon the arguments presented at the discovery hearing, the undersigned ordered that Plaintiff's first deposition would be stricken and a second deposition of Plaintiff would proceed.  However, the Court did not award attorney's fees or costs to either side. The Court ordered the Defendant to either provide a federally certified court interpreter or to provide the name and qualifications of the interpreter Defendant intended to use to opposing counsel and seek opposing Counsel's agreement to use that interpreter at Plaintiff's second deposition.  The Parties agreed on the record that the deposition would occur at the offices of Defendants' Counsel.

### Production of Plaintiff's Notebooks

The Defendants requested that the Plaintiff provide logs and/or notebooks that the Plaintiff referred to during his deposition which pertained to Plaintiff's employment with Defendant Now Courier.  In response, Plaintiff's Counsel represented that she believed that all of the notebooks had been produced to the Defendants.

The undersigned ordered Counsel to meet and confer regarding the production of the notebooks and directed the Plaintiff to show the notebooks to the Defendant that Plaintiff referred to at his deposition.  In addition, the Court ordered that on or before September 16, 2015, Plaintiff's counsel shall ensure that all responsive documents that Plaintiff's Counsel represented would be produced, have, in fact, been produced. Further, any supplemental production by the Plaintiff shall also be made by September 16, 2015.

II.     **CONCLUSION**

Accordingly, it is

**ORDERED AND ADJUDGED** that on or before September 16, 2015, the Plaintiff shall produce the Wells Fargo bank records at issue for the years 2012 through 2014.  It is further

**ORDERED AND ADJUDGED** that the Plaintiff's first deposition is stricken.  A second deposition of the Plaintiff shall be held at Defendants' Counsel's office with a translator in attendance as set forth above in this Order.   It is further

**ORDERED AND ADJUDGED** that on or before September 16, 2015, Plaintiff's counsel shall ensure that all responsive documents that Plaintiff's Counsel represented

would be produced, have, in fact, been produced, and produce any supplemental documents.

DONE AND ORDERED at Miami, Florida, this 20th day of October, 2015.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Kathleen M. Williams,
    United States District Judge
All counsel of record