UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G. BONET
  Plaintiff,

vs.

NOW COURIER INC
ALEXANDER MOLA,

  Defendants
_____/

## SUPPLEMENTAL ARGUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

Comes now, Defendants Now Courier Inc. and Alexander Mola and files these supplemental arguments to his motion for summary judgment and states as follows;

1. This claim has been pending pursuant to the Fair Labor Standards Act, 29 U.S.C§201-216. (FLSA)
2. On December 19, 2014, Plaintiff filed his first Amended Complaint (DE 22), alleging violations of the FLSA for defendant's failure to pay overtime and Minimum wages. Additionally, Plaintiff brought minimum wage claims under Fla. Stat. § 448.110 (3).
3. In his response, defendant filed a motion to Dismiss (DE 25). In the motion to dismiss, defendants attached various exhibits, attacking the elements of the claim and pled the Court convert said motion to one for summary judgment in the alternative.
4. In an order dated March 6, 2015 (DE 34), the Court converted said motion to dismiss to a motion for summary judgment pursuant to Rule 12 (d) of the Federal Rules of Civil Procedures.

5. Subsequently, the parties conducted discovery in a effort to determine facts relevant to support or attack this motion and in preparation for any necessary trial on the merits.

6. The Factual issues in dispute were, (1) Whether defendant Edgardo Bonet (Bonet), was an independent contractor or an employee (2) Was now Courier an enterprise engaged in Interstate Commerce as defined in the act, (3) Whether Bonet was engaged in Interstate commerce, ie. Involved in the movement of person or things in Interstate Commerce, granting individual coverage and thus implicating the FLSA.

7. The defendant re-adopts all arguments made in his motion to dismiss.

MEMORANDUM OF LAW

A. Summary judgment

Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir.1995.

The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. Id., Citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49, 106 S.Ct. 2505 2510, 91 L.Ed.2d 202 (1986); Spence v. Zimmerman, 873 F.2d 256, 257 (11th Cir.1989). The relevant rules of substantive law dictate the materiality of a disputed fact. Anderson, 477 U.S. at 247-49, 106 S.Ct. at 2510; Thornton v. E.I. Du Pont De Nemours and Co., Inc., 22 F.3d 284, 288 (11th Cir.1994). A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Anderson, 477 U.S. at 249-51, 106 S.Ct. at 2511; Thornton, 22 F.3d at 288.

Defendant filed his statement of Material Facts, and Exhibits in support (DE 57) pursuant to Rule 56.1, outlining the undisputed facts based on reference to admissions, Interrogatories, deposition testimony and affidavits. Central to the case is whether the Plaintiff was an independent contractor.

The requirements of the FLSA apply only to employees. The statute defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, the FLSA defines "to employ" as "to suffer or permit to work," 29 U.S.C. § 203(g), and an "employer" as "any person acting . . . in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). Freund v Hi-Tech Satellite Inc, 185 F. App'x, 782 (11th Cir. 2006)

The Supreme Court has explained that courts must determine whether, as a matter of "economic reality," an individual is an employee or an independent contractor in business for himself. Rutherford Food Corp. v. McComb, 331 U.S. 722, 728, 67 S.Ct. 1473 (1947). Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business. Secretary of Labor v. Lauritzen, 835 F.2d 1529, 1535 (7th Cir. 1987). "No one of these considerations can become the final determinant, nor can the collective answers to all of the inquiries produce a resolution which submerges consideration of the dominant factor – economic dependence." Usery v. Pilgrim Equip. Co., 527 F.2d 1308, 1311 (5th Cir. 1976).

B. Independent Contractor Relationship

Applying the principles set forth by Rutherford, id. The facts shows that while the Defendant did dispatch and otherwise interacted with Bonet as manage scheduling a customer satisfaction, Bonet was able to do pickups and deliveries as he saw fit. Additionally, as to factor 2, Bonet was able to make more money based on the amount of work and the level of efficiency applied to the work that he was doing and thus increase his profits. It is clear also from the facts that Bonet purchased his own truck, dolly and GPS Device which he has used in other similar employment over the course of many years. He was a sophisticated Courier driver who had worked an independent contractor; in business on his own a number of years prior to his engagement with Now Courier. There was no permanency in the relationship between the parties. While the relationship lasted just over two years, Bonet testified that he has gone through several companies doing similar work in the past and that he had always been looking for other work. While the nature of the work was integral to the courier business Bonet shows significant additional income beyond what he received from Now Courier, suggesting he was engaged in other activities from which he gained compensation.

Significant for this Court, should be the manner in which the parties conducted themselves. It is clear that bought in words and in deeds, the parties meant and understand their relationship to be one of an Independent contractor. This is illustrated by the testimony as outlined in Bonet's deposition testimony that the parties discussed that Bonet would provide all tools, pay the expenses, including fuel and insurance and that he would be paid a rate of 70% of trip charge. Additionally, after discussion, the parties memorialized this understanding in an Independent Contractor Agreement signed by Bonet.

Since the FLSA does not cover Independent contractors and since the undisputed facts are that Bonet was an independent contractor, The Court should follow the

analysis of the Freund, Court and should grant summary Judgment in favor of the Defendant as to all Counts.

C. Individual Coverage

FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage. Ares v. Manuel Diaz Farms, Inc., 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." Kitchings v. Florida United Methodist Children's Home, Inc., 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing D.A. Schulte, Inc., v. Gangi, 328 U.S. 108, 121 (1946).

To determine whether an employee performed such work, the Court must focus its inquiry on the activities of the employee and not on the business of the employer. See Mitchell v. Lublin McGaughy & Assocs., 358 U.S. 207, 211 (1959); see also Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1267-68 (11th Cir. 2006).

In Thorne, the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce", and thus an employee must be "engaged in commerce", which means he must be "directly participating in the actual movement of persons or things in interstate commerce". Thorne, 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." Kitchings, 393 F. Supp.2d at 1293 n.26 (quoting Boekemeier v. Fourth Universalist Soc'y in City of New York, 86 F. Supp.2d

280, 287 (S.D. N.Y. 2000) and (citing Walling v. Jacksonville Paper Co., 317 U.S. 564, 572 (1943)).

Bonet testified in deposition that the services he rendered was to pick up and drop off packages in and around the Tri-County area of Florida. Bonet could not describe any of the items that he delivered or give any other indicia of being involved in Interstate Commerce. Even if the Court were to believe that a employment relationship existed between Bonet and Now Courier, the failure to link his work to interstate commerce should lead to a granting of summary Judgment.

As this Court pointed out in its first order of dismissal of this cause (DE 20), the requirement that Plaintiff either individual or Enterprise coverage is an element of the claim for relief. Citing Rodriguez v Diego's Rest., Inc, 619 F. Supp. 2d 1345, 1350 (D.D. Fla. 2009). The merits of the claim has not been met and the facts as they present requires a finding in favor of defendants.

D. Enterprise Coverage.

Under the second type of FLSA coverage—"enterprise coverage"—an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that: (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials

that have been moved in interstate commerce and must have annual gross volume of sales or business done in excess of $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii).

According to the defendants tax returns, and financial data, supported by affidavits the veracity of which is unquestioned, the defendants did not meet the $500,000.00 gross annual receipts to fall under enterprise coverage.

On this basis Summary Judgment should be granted.

> Respectfully submitted,
>
> /s/Mark Douglas
> _____
> Mark Douglas, Esq.
> Attorney for Defendant
> Florida Bar No. 27701
> 2331 North State Road 7, Suite 106
> Lauderdale Lakes, Florida 33313
> Telephone: (954) 730-8393
> Fax: (305) 356-7154
> E-Mail: mark@markdouglaslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by the Southern District of Florida's CM/ECF system to all counsels of record this 30th day of October 2015.

> Respectfully Submitted,
>
> /s/ Mark A. Douglas Esq.
> _____