UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G. BONET
    Plaintiff,

vs.

NOW COURIER INC
ALEXANDER MOLA,

    Defendants
_____/

## OPPOSITION TO PLAINTIFF MOTION FOR PARTIAL SUMMARY JUDGMENT.

Comes now, Defendants Now Courier Inc. and Alexander Mola and files this opposition to Plaintiffs motion for partial summary judgment and states as follows;

1. Defendant disputes Plaintiff statements of material facts. Defendant has controverted the Plaintiff's assertion of undisputed facts by his own statement of undisputed facts (DE 59). More specifically, plaintiff did not interview for a job, but discussed an independent contractor relationship between himself and Now Courier.
2. Plainitff was a highly skilled and experienced Courier driver who had been involved in this specialized work since at least 2008 and had done so as an independent contractor. 'Bonet Depo. 10:15-20, 11:11-17, 16:1-24"
3. There was never a schedule set, as is being alleged, that Plaintiff was to start working at 7 am and end at 8:00 p.m. and on Saturdays and Sundays.
4. While it was important to the operations of the defendant's business that there be predictability in the availability of their sub-contractors, Plainitff had the ability to turn down deliveries if he so wished.

5. Defendants never disallowed any outside employment and as cited in defendants statements of facts (DE 59), Plaintiff showed significant additional income which he has failed to account for during the period.
6. There is no evidence of Plaintiff working more than 40 hours per week and even if he did, defendants did not tract the time spent working as the relationship was deemed an independent contractor and compensation was paid at a percentage rate and not time spent.
7. Defendant paid all monies to plaintiff that was earned during the course of Plaintiffs engagement with the defendants.

## ARGUMENTS

Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment. <u>Haves v. City of Miami</u>, 52 F.3d 918, 921 (11th Cir.1995.

Plaintiff asks this Court to find that (1) Plaintiff was an employee and not an independent contractor (2) that liability has been established for at least some unpaid wages. Using the standard cited above, this Court could not find that there is no material issue of fact, that the defendant was not an independent contractor but an employee. The pleadings and affidavit before this court raises sufficient factual dispute that the plaintiff was not an employee as claimed but an independent contractor. These includes contracts signed, testimony by Plaintiff in deposition and affidavits by the principals of Now Courier Inc.

The requirements of the FLSA apply only to employees. The statute defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, the FLSA defines "to employ" as "to suffer or permit to work," 29 U.S.C.

§ 203(g), and an "employer" as "any person acting . . . in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). <u>Freund v Hi-Tech Satellite Inc,</u> 185 F. App'x, 782 (11th Cir. 2006)

The Supreme Court has explained that courts must determine whether, as a matter of "economic reality," an individual is an employee or an independent contractor in business for himself. <u>Rutherford Food Corp. v. McComb</u>, 331 U.S. 722, 728, 67 S.Ct. 1473 (1947).

If it is determined that the Plaintiff was in fact an independent contractor, then there can be no liability for unpaid wages since the plaintiff was paid the rates agreed and received the benefit of his bargain.

Wherefore, Plaintiff Motion for partial motion for summary judgment should be denied.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by the Southern District of Florida's CM/ECF system to all counsels of record this 16th day of November 2015.

Respectfully submitted,

/s/Mark Douglas
_____
Mark Douglas, Esq.
Attorney for Defendant
Florida Bar No. 27701
2331 North State Road 7, Suite 106
Lauderdale Lakes, Florida 33313
Telephone: (954) 730-8393
Fax: (305) 356-7154
E-Mail: mark@markdouglaslaw.com