UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G BONET and all others similarly )
situated under 29 U.S.C. 216(b), )
                                                 Plaintiff, )
     vs. )

NOW COURIER INC. )
ALEXANDER MOLA, )

                                     Defendants. )
_____ )

**JOINT PRE-TRIAL STIPULATION**

**(1) Short Concise Statement of the Case by Each Party**

**A: Plaintiff:**

      Plaintiff brings this claim against all Defendants, jointly and severally, under the Fair Labor Standards Act, regarding an alleged failure to pay minimum wage, under the FLSA and Fla. Stat. §448.110, and overtime wages, along with liquidated damages, fees and costs. Plaintiff was employed as a courier by Defendants and is claiming he was not paid his legally mandated minimum wage and overtime pay.

**B: Defendant:**

      Plaintiff brought this case pursuant to the Fair Labor Standards Act and Fla. Stat. §448, alleging unpaid minimum wage and overtime. Defendants position is that plaintiff was engaged as an independent contractor who was not covered by the Fair Labor Standards act or Florida Statutes §448 Additionally, defendant claims that he was not engaged in Interstate commerce and therefore Plaintiff would not be a covered employee, even if it is found that the relationship as it

1

existed was that of an employer employee relationship. Moreover, the amount of monies paid to the plaintiff throughout the relevant times amounted to more than the applicable minimum prevailing wages at the relevant time.

 **(2) Jurisdiction of The Court**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. This case is brought pursuant to The Fair Labor Standards Act, found in 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

**(3) Pleadings Raising the Issues**

1. First Amended Complaint Against All Defendants (D.E. 22)

2.

Defendant's motion to dismiss amended complaint (DE 25)[1]

**(4) A List of All Undisposed of Motions or Other Matters Requiring the Attention of the Court**

    a: Defendants' objections to the Plaintiff's Exhibit List

    b: Plaintiff's objections to Defendant's Exhibit List

    c: Any motions in Liminie to be filed

    d: See Footnote One

---

[1] Plaintiff objects that this is not a proper pleading and reserve the right to amend the proposed jury instructions, stipulations, motions in limine (the addition of motions in limine) and exhibit list/objections to Defendants' exhibit list based off of whether The Court holds that a motion to dismiss is a proper pleading, when said motion has been denied, or not fully granted. Plaintiff holds that D.E. 8 was never stricken, however is not operative at this time, and Defendants hold that This Court struck D.E. 8. The parties must rely on a ruling from The Court as to what constitutes the responsive pleading in the instant action.

**(5) A Concise Statement of Uncontested Facts Which Will Require No Proof At Trial, with Reservations**

a: Defendants issued Plaintiff a 1099 for his work with the Defendants and the amounts on said 1099 accurately reflect the amounts paid to Plaintiff by Defendants.

b: The Plaintiff signed a document purported by Defendants to be an independent contractor agreement.

c: Alexander Mola is the President and sole shareholder, of Now Courier Incorporated and controls the day to day activities of said corporation.

d: Edgardo G. Bonet did perform courier service for Now Courier Incorporated and Alexander Mola for the approximate time between the dates alleged in the complaint.

e: Alexander Mola assigned Edgardo Bonet courier jobs via telephone.

f: Records produced by the Defendants show the amount paid to Plaintiff, by Defendants, for the length of Plaintiff's employment, and reflect that amount accurately.

g: The Defendants did not keep records of the Plaintiff's time, but, rather, tracked the work of Plaintiff on trip sheets produced by Defendants during discovery.

**(6) Issues of Fact Which Require Proof at Trial**

**(a) Plaintiffs Statement**

I:   The number of hours Plaintiff worked each week.

II:  The actual amount paid to Plaintiff by Defendants per-hour.

III: The monetary measure of expenses that Plaintiff had to pay from his pocket divided into the hours worked to arrive at a true hourly rate. Meaning, the amount deductible from the hourly

rate for expenses such as gasoline, insurance, maintenance and other expenses incurred by Plaintiff, to establish an actual hourly rate that Plaintiff was paid.

IV: Whether Plaintiff is owed overtime wages and, if so, how much overtime Plaintiff is owed from the Defendants.

V: Whether Defendants maintained accurate time records for the Plaintiff's hours worked on a weekly basis for all of the weeks Plaintiff was employed by the Defendants.

VI: Whether the Defendants acted willfully or in reckless disregard of the provisions of the FLSA in not paying overtime wages to the Plaintiff for any of the weeks he worked in excess of 40 hours weekly.

VII: Whether the Defendants owe the Plaintiff unpaid minimum wages.

VIII: Whether Plaintiff qualifies for individual coverage.

IX: Whether Defendants acted willfully or in reckless disregard of the provisions of the FLSA and Florida Statute § 448.110 in not paying minimum wages to the Plaintiff for any of the weeks he was employed.

(b) Defendants position

X. Whether the Plaintiff was an independent contractor and covered by the Fair Labor Standards Act.

(XI) If an employee, is there individual coverage based on being engaged in interstate commerce.

(XII) If Plaintiff is a covered employee, did he work overtime, how much overtime did he work and was he paid a rate sufficient to cover that overtime.

(XIII) If Plaintiff is a covered employee, who worked overtime for which he has not being paid, how much is owed to Plaintiff?

**(7) A Concise Statement of Law on Which The Parties Agree**

a:  The FLSA, generally, requires covered employees to receive at least minimum hourly rate of $7.25 for all hours employees worked.

b: The Florida Constitution and Florida Minimum Wage Act generally, require covered employers to pay at least minimum hourly rate as determined by the Florida Department of Economic Opportunity for all hours the employees worked.

c:  The FLSA, generally, requires covered employees to receive at least one-and-one-half the employees' hourly rate for hours worked over forty per week, unless otherwise exempt.

d: Independent contractors are not covered by the provisions of the FLSA or Fla. Stat §448.110

**(8) A Concise State of Issues of Law Which Remain for Determination by The Court**

a:      Issues regarding jury instructions and the admissibility of specific exhibits objected to by the parties.

b:      See Footnote One.

**(9) Each Party's List of Trial Exhibits and Objections**

   Already filed on Docket

**(10) Each Party's List of Trial Witnesses**

   Already filed on Docket

**(11) Estimated Length of Trial**

   The Parties estimate that the case should take between two and three days to try.

**(12) Attorney's Fees**

Plaintiff estimates that his fees and costs through post-trial motions will be approximately 65,000 dollars should he prevail.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028


/s/ Mark A. Douglas
Mark A. Douglas, P.A.
2331 North State Road 7
Suite 106
Ft. Lauderdale, Florida 33133
mark@markdouglaslaw.com
