UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.14-23217-CIV-WILLIAMS/SIMONTON

EDGARDO G. BONET
    Plaintiff,

vs.

NOW COURIER INC
ALEXANDER MOLA,

    Defendants
_____/

DEFENDANTS MOTIONS IN LIMINIE

    Comes Now, Defendants, Now Courier Inc. and Alex Mola, by and through undersigned counsel, and moves in Liminie, pursuant to Federal Rules of Evidence §103(d) 402 and 404 to exclude all arguments, testimony and evidence about the matters outlined below.

I.    INTRODUCTION

Plaintiff has filed his claim pursuant to the Fair Labor Standards Act, and Fla. Stat. 448 alleging that he was an employee of the Defendants Now Courier and Alex Mola and that he worked overtime for which he was not paid. Defendants allege that Plaintiff was engaged as an independent contractor and was paid based on the parties agreement, the amounts that were agreed on in their payment formula. Defendant also claims that Plaintiff was not engaged in Interstate Commerce and that even if there was a finding that the plaintiff had a employer-employee relationship with defendant he was not covered

The Law Offices of Mark A. Douglas, P.A.
2331 North State Road 7, Suite 106
Lauderdale Lakes, FL. 33313

under the act. The Court had previously ruled in an order on Summary Judgment (DE 75), that the defendants were not a covered enterprise under the act.

   II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 103 permits the Court to make a pretrial ruling on the admissibility or exclusion of evidence in order to avoid the need to do so at trial. See Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1178 (11th Cir. 2013); see also Fed. R. Evid. 104(a) (noting "The Court must decide any preliminary question about whether . . . evidence is admissible."). Federal Rule of Evidence 402 provides that only relevant evidence is admissible." United States v. Howard, 373 F. App'x 21, 25 (11th Cir. 2010). Federal Rule of Evidence 404(b)(1) states "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

### III ANALYSIS

1. Defendant anticipates that Plaintiff may move to raise arguments about a prior criminal conviction of the defendant. Any such matters should be prohibited as irrelevant and overly prejudicial and in violation of FRE 404(b)

2. Defendant anticipates that defendant will seek to introduce travel notebook kept by defendant to record matters related to his work with now courier. This should be excluded as they were not produced in discovery. In Defendant's first request for production, Number 11, defendant requested "any timecards, logs, mileage sheets or other reports showing time spent working on each day during 2012, 2013, 2014"… In response to this request for production, Plaintiff's specific

response was "objection as to use of the word "time spent" is vague and ill defined. Moreover, Plaintiff objects to the instant request on the grounds and to the extent that such a request for information is overly broad, unduly burdensome and not likely to lead to discovery of admissible evidence. This matter was raised in a discovery hearing held before MJ Simonton. In her order (DE 55), Plaintiff was ordered to turn over said notebooks or notes by September 16, 2016. No production was made. Plaintiff should now be precluded from introducing said notes into evidence or otherwise to use them for refreshing recollection or as a previously recorded statement.

## IV CONCLUSION

For the reasons stated above, defendant requests that the Court excludes testimony and other evidence related to the subject matters raised in this motion.

## V. CERTIFICATE OF CONFERRAL

The undersigned certifies that he has conferred with the attorney for the plaintiff and he indicates his objections to the filing of this motion.

Respectfully Submitted,

/s/ Mark A. Douglas
_____
Mark A. Douglas, P.A.
2331 North State Rd 7
Suite 1200
Lauderdale Lakes, FL 33313
T. (954) 730-8393
F. (305) 356-3615
Bar. No.: 27701
mark@markdouglaslaw.com
Attorney for Plaintiff

The Law Offices of Mark A. Douglas, P.A.
2331 North State Road 7, Suite 106
Lauderdale Lakes, FL. 33313

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by the Southern District of Florida's CM/ECF system to all counsels of record this 16th day of June 2015.

                                                Respectfully Submitted,

                                                /s/ Mark A. Douglas Esq.
                                                _____