UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23217-CIV-WILLIAMS

EDGARDO G BONET and all others similarly )
situated under 29 U.S.C. 216(b),                    )
                                                                      )
                                  Plaintiff,                    )
              vs.                                                 )
                                                                      )
                                                                      )
NOW COURIER INC.                                      )
ALEXANDER MOLA,                                      )
                                                                      )
                                  Defendants.              )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE**

Plaintiff, by and through Undersigned Counsel, hereby opposes Defendants' First Motion

in Limine, asks This Court to deny Said Motion, and in support thereof states;

**Memorandum of Law/Argument**

*A: Introduction*

The Defendants' first motion in limine seeks inappropriate relief not properly the subject

of a motion in limine. Namely it requests two subjects be ruled inadmissible at the instant

juncture, a 1995 conviction of The Defendant for Kidnapping and Battery, and the introduction

of travel notebooks that Plaintiff himself kept. On the latter Defense Counsel objected to same as

an exhibit, this is merely repetitive, and has since been taken off of the Plaintiff's Exhibit List.

The issue of the prior criminal conviction is inappropriate for a motion in limine, and admissible.

*B: Law and Argument*

**I: The Criminal Conviction**

Defense Counsel brought up the subject of the criminal conviction and was subsequently notified it may be used as impeachment, and depending on whether the specific circumstances make it relevant, a conviction over 10 years old may be used. Defendants reliance on Fed.R.Ev. 403 is misplaced here, and 403 is not at all relevant to the analysis of the actual governing rule Fed.R.Ev. 609. The Defendant seeks to omit evidence on a basis the United States Supreme Court has ruled is impermissible to the consideration. "In summary, we hold that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuing unfair prejudice to the witness or the party offering the testimony." *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 526 (1989).

The Eleventh and Eighth Circuits as quoted in *Doye v. Colvin* clearly explain the relevance of the evidence of a prior criminal conviction

> "Defendants are correct that evidence of prior felony convictions is generally admissible to attack the credibility of a witness at trial. Fed.R.Evid. 609. "The implicit assumption of Rule 609 is that prior felony convictions have probative value" in assessing a witness' credibility. *United States v. Burston,* 159 F.3d 1328, 1335 (11th Cir.1998); *Cummings v. Malone,* 995 F.2d 817, 826 (8th Cir.1993) (Rule 609 "is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.")."

*Doye v. Colvin*, 2012 WL 1255233 (S.D. Ga. April 13, 2012).

Fed.R.Ev. 609 makes the convictions for Burglary with an Assault and Battery, and Kidnapping admissible, even though it is over ten years since Defendant's release, if two pre-conditions are met. First, The Defense must be given adequate notice, which occurred because The Defense moved in limine on the subject. Second, "its probative value, supported by specific facts

and circumstances must outweigh its prejudicial effect;" Fed.R.Ev. 609(b)(2). At the moment the Defendant has not testified and has done nothing that would bolster his character in a way that it would need to be attacked specifically by convictions for kidnapping, burglary, assault and battery. Although convictions on the elements of these crimes clearly go to establish a dishonest act, the requisite specific facts and circumstances that would arise requiring their use as impeachment will only be known once the Defendant testifies. At the point at which their relevance is known as impeachment material subject to the specific facts and circumstances, is when The Court should rule on admissibility, if they even become relevant.

**II: Travel Logs**

The travel logs produced by the Defendants during discovery are still on the Plaintiff's exhibit list. However, the travel notebooks that were kept by the Plaintiff are no longer on the Plaintiff's exhibit list. Hence, since the logs being used were the ones turned over by the Defendants, there should be no issues regarding discovery, since the notebooks have been removed.

WHEREFORE: Plaintiff, by and through Undersigned Counsel, opposes Defendants' First Motion in Limine, asks This Court to deny Said Motion.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.

3

Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

June 27, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028